IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB HUEFTLE, and<br>HIDDEN HILLS OUTFITTERS LLC,<br><br>Defendants. | 8:20CR87<br><br>INFORMATION<br>18 U.S.C. § 371<br>28 U.S.C. § 2461 |

The United States Attorney charges:

## INTRODUCTION

At all times material herein:

1. Defendant HIDDEN HILLS OUTFITTERS LLC ("HHO") was a Nebraska Limited Liability Corporation with its principal place of business near Broken Bow, Nebraska, engaged in the business of providing hunting and guiding services to paying clients for white-tailed deer, mule deer, pronghorn, and wild turkey.

2. Defendant JACOB HUEFTLE co-owned and acted as the principal operator of defendant HHO.

3. The Lacey Act, Title 16 U.S.C. § 3372(a)(1) and (a)(2), makes it unlawful for a person to, among other things, knowingly transport, sell, receive, acquire or purchase wildlife, in interstate commerce, which has been taken, possessed, transported, or sold in violation of a wildlife-related state or federal law, and which the person knows, or in the exercise of due care should know, was taken, possessed, transported, or sold in violation of a state or federal law or regulation related to wildlife protection.

1

4. Under the Lacey Act, it is deemed to be a sale of wildlife for any person, for money or other consideration, to provide guiding, outfitting, or other services for the illegal taking, acquiring, receiving, transporting or possessing of wildlife. 16 U.S.C. § 3372(c)(1).

5. Under the Lacey Act, it is deemed to be a purchase of wildlife for any person, for money or other consideration, to obtain guiding, outfitting, or other services for the illegal taking, acquiring, receiving, transporting or possessing of wildlife. 16 U.S.C. § 3372(c)(1).

## COUNT I
### (Conspiracy)

6. The Grand Jury reincorporates the allegations contained in paragraphs 1 through 5 of this Indictment as if fully set forth herein.

## THE CONSPIRACY AND ITS OBJECTS

7. At various times from at least on or about 2013 through on or about November 2017, in the District of Nebraska and elsewhere, defendants HHO and JACOB HUEFTLE unlawfully, willfully and knowingly conspired, combined, confederated and agreed together and with each other, and with others known and unknown, to commit the following offenses against the United States:

A) To knowingly engage in conduct that involved the sale and purchase of, the offer of sale and purchase of, and the intent to sell and purchase wildlife, specifically, white-tailed deer, mule deer, pronghorn, and wild turkey, with a market value in excess of $350, and knowingly transport, sell, receive, acquire, and purchase said wildlife in interstate commerce, knowing that said wildlife was taken, possessed, transported, and sold in violation of and in a manner unlawful under the laws and regulations of Nebraska, specifically Nebraska Administrative Code Title 163 Sections 4.002.01A3, 4.003.01B, 4.001.01B9, and 4.003.01C, Neb. Rev. Stat. 37-

2

314, Neb. Rev. Stat. 37-411, Neb. Rev. Stat. 37-447, Neb. Rev. Stat. 37-457, Neb. Rev. Stat. 37-513(1), and Neb. Rev. Stat. 37-514(1); in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(I)(B) (the Lacey Act).

B) To knowingly hunt, take, shoot, wound, and kill, migratory bird(s), that is, hawks and falcons, all in violation of Title 16, United States Code, Sections 703 and 707(a) (the Migratory Bird Act).

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

8. Defendant HHO promoted its business and contracted clients primarily through social media websites, electronic mail, mobile telephone and text messages, attendance at out-of-state sports shows, and a sales booth at The Great American Outdoor Show located in Harrisburg, Pennsylvania, all in interstate commerce.

9. Defendant HHO contracted hunting clients residing almost exclusively outside the state of Nebraska including at least 118 clients from 21 states outside of Nebraska. Defendant HHO provided guiding and hunting services to contracted hunting clients for $2,500 to $7,000 depending upon the target species. Defendant HHO assisted and knew clients routinely purchased, acquired, and transported wildlife trophies, or parts thereof, obtained during the hunts, in interstate commerce.

10. That in furtherance of the conspiracy, defendants and other unindicted co-conspirators, which included other defendant HHO employees and associates, agreed and had an understanding to routinely sell hunting and guiding services to defendant HHO clients for purposes of taking, possessing, and acquiring wildlife in violation of the laws and regulations of the State of Nebraska. It was also part of the agreement and understanding that the wildlife

taken, possessed, and acquired in violation of the laws and regulations of the State of Nebraska would be transported in interstate commerce from the State of Nebraska into other states.

11. That in furtherance of the conspiracy, defendants, assisted by other unindicted co-conspirators, which included other defendant HHO employees and associates, established and maintained a large network of hunting sites throughout the leased hunting properties consisting of tree stands, ground blinds, or elevated blinds, and that the defendant, assisted by other unindicted co-conspirators, which included other defendant HHO employees and associates, routinely established and maintained bait sites monitored by electronic game cameras at no less than 68 baited hunting locations.

12. That in furtherance of the conspiracy, defendants, assisted by other unindicted co-conspirators, which included other defendant HHO employees and associates, maintained and utilized the large network of baited sites monitored by electronic game cameras during and outside the Nebraska deer season in order to locate and identify both target and non-target deer, to maximize the hunting client success rate, or to kill a specific trophy deer for a specific client.

13. That in furtherance of the conspiracy, defendants, assisted by other unindicted co-conspirators, which included other defendant HHO employees and associates, routinely and intentionally established and maintained bait sites at or near client hunting locations, knowing the bait sites were unlawfully established, in violation of Nebraska State law and regulations, for the purpose of taking big game or turkey, that defendant HHO clients would unlawfully hunt or take big game or turkeys within the baited areas as prohibited by Nebraska State law. Defendant HHO clients did in fact regularly unlawfully hunt and take deer or turkey within the baited areas, from which wildlife, or parts thereof, was subsequently transported in interstate commerce.

14. That in furtherance of the conspiracy, defendants, assisted by other unindicted co-conspirators, which included other defendant HHO employees and associates, were aware that defendant HHO's archery white-tailed deer clients hunted within a baited area during their hunts, that approximately 80 percent (80%) of the archery white-tailed deer clients killed their deer within a baited area, that approximately one-half of defendant HHO's rifle white-tailed deer hunting clients hunted and killed their deer within a baited area, and that antlers, hides, edible meat, or other portions of the unlawfully taken wildlife was subsequently transported in interstate commerce.

15. That in furtherance of the conspiracy, defendant HHO clients, at the direction or with the guidance and assistance of defendant JACOB HUEFTLE and other unindicted co-conspirators, which included other defendant HHO employees and associates, unlawfully took white-tailed deer or mule deer within a baited area, that the hunting clients routinely hunted in direct sight of and within less than 50 yards of the bait site, and that no less than 16 white-tailed deer, mule deer, or parts thereof, taken unlawfully within baited areas, were subsequently transported in interstate commerce.

16. That in furtherance of the conspiracy, defendants, and other unindicted co-conspirators, which included other defendant HHO employees and associates, were members of a "Gun Trust" established by Wisconsin associate D.M., and that during the course of defendant HHO hunts, defendants, and other unindicted co-conspirators utilized rifles with attached suppressors and other firearms for unlawfully taking at least 47 white-tailed deer, mule deer, pronghorn, or wild turkeys from the roadway, during night-time closed season hunting hours with the aid of artificial light, or under the authority of permits prohibiting the use of a firearm in violation of Nebraska State law.

17. That in furtherance of the conspiracy, the defendants, and other unindicted co-conspirators, which included other defendant HHO employees and associates, provided guiding and outfitting services for mule deer during the Firearm and Muzzleloader deer seasons to clients within the Mule Deer Conservation Area (MDCA), a geographic area established by the Nebraska Game and Parks Commission (NGPC) for the purpose of providing additional mule deer conservation control measures, and requiring specified hunting permits in order to lawfully hunt or take mule deer within those zones. The defendants aided, directed, or otherwise assisted defendant HHO clients or guides taking mule deer within the MDCA knowing the clients and guides did not possess a valid permit to hunt mule deer within the MDCA. Defendants attempted to conceal the violations by assisting the clients to purchase or obtain a valid permit after the kill or by falsifying information reported to the NGPC, including the County of Kill, in order to falsely make it appear the client killed the mule deer outside the MDCA in violation of Nebraska State law. Defendants and other defendant HHO associates routinely assisted with transporting in interstate commerce the wildlife, or parts thereof, originating from these unlawful hunts.

18. That in furtherance of the conspiracy, defendants and other unindicted co-conspirators, operated defendant HHO in a manner in which defendant JACOB HUEFTLE and other defendant HHO guides, owners, or associates knowingly and intentionally provided hunting and guiding services for the unlawful taking of white-tailed deer, mule deer, pronghorn, and wild turkey in violation of Nebraska State laws, which included:

   A. taking white-tailed deer within baited areas in violation of Neb. Rev. Stat. 37-314 and NAC Title 163 Section 4.001.01B9;

B. taking mule deer, white-tailed deer, pronghorn, and wild turkey with rifles or other prohibited weapons under the authority of archery, muzzleloader, or shotgun permits in violation of Neb. Rev. Stat. 37-314, 37-447, 37-457, and NAC Title 163 Section 4.002.01A3, 4.003.01B, and 4.003.01C;

C. taking mule deer and white-tailed deer during night-time or closed season hours and with the aid of artificial light in violation of Neb. Rev. Stat. 37-447 and 37-514(1);

D. taking mule deer, white-tailed deer, and wild turkeys from the road in violation of Neb. Rev. Stat. 37-513(1);

E. taking mule deer within the Mule Deer Conservation Area without a valid permit in violation of Neb. Rev. Stat. 37-314, 37-411, 37-447, and NGPC Order C03.11H; and

F. taking white-tailed deer, mule deer, or wild turkeys without a valid permit or in excess of the bag limit in violation of Neb. Rev. Stat. 37-314, 37-411, 37-447, and 37-457.

of which the illegally taken wildlife, or parts thereof, were purchased, acquired, or transported in interstate commerce.

19. That in furtherance of the conspiracy, the defendants and other unindicted co-conspirators, which included other defendant HHO employees and associates, routinely killed non-game migratory birds with a rifle, including various native species of hawks or falcons such as red-tailed hawks and American kestrels, that defendant JACOB HUEFTLE and defendant HHO associates referred to the targeted non-game birds as "dinosaurs," and that defendant JACOB HUEFTLE personally killed hawks, falcons, or other protected non-game migratory birds without authorization by shooting the birds while perched upon fence lines or electrical power lines.

## OVERT ACTS

20. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Nebraska and elsewhere:

A) That between February 26, 2013, through November 3, 2017, the defendants, assisted by other unindicted co-conspirators, which included other defendant HHO employees and associates, purchased or acquired at least 115,378 pounds of deer bait products or components, and that during the 2017 Nebraska deer season, the defendants purchased no less than approximately 33,000 pounds of feed, and that the defendants, assisted by other unindicted co-conspirators, which included other defendant HHO employees and associates, distributed that feed at defendant HHO bait sites, including numerous bait sites in close proximity and within plain view of defendant HHO hunting clients.

B) That between September, 2015, and November, 2017, defendant HHO clients, at the direction or with the guidance and assistance of defendants and other unindicted co-conspirators, which included other defendant HHO employees and associates, unlawfully took white-tailed deer or mule deer within a baited area, that the hunting clients routinely hunted in direct sight of and within less than 50 yards of the bait site, and that no less than 16 white-tailed deer, mule deer, or parts thereof, taken unlawfully within baited areas were subsequently transported in interstate commerce.

C) That on or about December 29, 2016, defendants provided guiding, outfitting, and other services to defendant HHO client J.B., which involved the client unlawfully taking a white-tailed deer within a baited area in Valley County, Nebraska, in

violation of Neb. Rev. Stat. 37-314 and NAC Title 163 Section 4.001.01B9. Defendant HHO's client subsequently transported parts of the unlawfully taken wildlife in interstate commerce.

D) That on or about September 14, 2017, defendants provided guiding, outfitting, and other services to defendant HHO client B.S., which involved the client unlawfully taking a white-tailed deer within a baited area in Keith County, Nebraska, in violation of Neb. Rev. Stat. 37-314 and NAC Title 163 Section 4.001.01B9. Defendant HHO's client subsequently transported or attempted to transport parts of the unlawfully taken wildlife in interstate commerce.

E) That on or about September 16 and 17, 2013, defendants, and another defendant HHO guide, provided guiding, outfitting, and other services to defendant HHO clients S.S. and D.M., which involved the clients unlawfully taking two (2) mule deer with a prohibited weapon, that is a rifle, during the archery season, in Morrill County, Nebraska, in violation of Neb. Rev. Stat. 37-314, 37-447, and NAC Title 163 Section 4.003.01B. Defendant HHO's clients subsequently transported parts of the unlawfully taken wildlife in interstate commerce.

F) That between on or about December 14 and 16, 2016, defendants, and defendant HHO guide J.C., provided guiding, outfitting, and other services to defendant HHO clients C.G. and G.D., which involved the clients unlawfully taking three (3) white-tailed deer and two (2) mule deer with prohibited weapons, that is at least a suppressed .308 caliber AR-style rifle, during the muzzleloader season, during night-time closed season hours, from the roadway, with the aid of artificial light, or without a valid permit in Keith, Blaine, and Morrill counties in Nebraska,

        in violation of Neb. Rev. Stat. 37-411, 37-447, 37-513(1), 37-514(1), and NAC Title 163 Section 4.003.01C. Defendant HHO's clients subsequently transported or attempted to transport parts of the unlawfully taken wildlife in interstate commerce.

G) That between 2014 through 2016, the defendant aided, directed, or otherwise assisted defendant HHO clients or guides taking at least eight (8) mule deer within the MDCA knowing the clients and guides did not possess a valid permit to hunt mule deer within the MDCA.

H) That on or about November 22, 2014, defendants provided guiding, outfitting, and other services to defendant HHO client D.B., which involved the client unlawfully taking a mule deer within the MDCA without a valid permit in Custer County, Nebraska, in violation of Neb. Rev. Stat. 37-314, 37-411, 37-447, and NGPC Order C03.11H. Defendant HHO's client subsequently transported parts of the unlawfully taken wildlife in interstate commerce.

I) That on or about November 12, 2016, defendants provided guiding, outfitting, and other services to defendant HHO client D.H., which involved the client unlawfully taking a mule deer within the MDCA without a valid permit in Custer County, Nebraska, in violation of Neb. Rev. Stat. 37-314, 37-411, 37-447, and NGPC Order C03.11H. Defendants falsely registered the deer kill as occurring in Blaine County, Nebraska, in order to conceal the violation. Defendant HHO's client subsequently transported or attempted to transport parts of the unlawfully taken wildlife in interstate commerce.

J) That between 2014 through 2018, the defendant and other unindicted co-conspirators, which included defendant HHO guides at the direction of the defendants, authorized, directed, and assisted hunting clients taking at least 12 turkeys in excess of the established bag limit, at least five (5) turkeys from the road or roadway, and at least nine (9) turkeys with a rifle, all in violation of Nebraska State law. The defendants and other defendant HHO associates subsequently assisted and knew wildlife, or parts thereof, originating from these unlawful hunts were transported in interstate commerce.

K) That on or about April 26, 2016, defendants provided guiding, outfitting, and other services to defendant HHO client D.F., which involved the client unlawfully taking two (2) wild turkeys with a prohibited firearm and two (2) wild turkeys without a valid permit in or about Custer County, Nebraska, in violation of Neb. Rev. Stat. 37-411, 37-457, 37-501 and NAC Title 163 Section 4.002.01A3. Defendant HHO's client subsequently transported or attempted to transport parts of the unlawfully taken wildlife in interstate commerce.

L) That on or about May 5, 2017, defendants provided guiding, outfitting, and other services to defendant HHO client A.G., which involved the client unlawfully taking two (2) wild turkeys from the roadway and with a prohibited firearm in the District of Nebraska, in violation of Neb. Rev. Stat. 37-513(1), 37-457, and NAC Title 163 Section 4.002.01A3. Defendant HHO's client subsequently transported parts of the unlawfully taken wildlife in interstate commerce.

M) That between September 15, 2012, and April 18, 2018, the defendants and other unindicted co-conspirators, which included other defendant HHO employees and

11

associates, offered, provided, directed, or otherwise aided or assisted contracted defendant HHO hunting clients in unlawfully taking no less than 97 big game animals or wild turkeys in violation of Nebraska State law including 30 white-tailed deer, 34 mule deer, six (6) pronghorn, and 27 wild turkeys.

In violation of Title 18, United States Code, Section 371.

## FORFEITURE

21. The allegations contained in Count I of this Information, as if fully set forth herein, for the purpose of alleging forfeiture pursuant to Title 16, United States Code, Section 3374, as made applicable by Title 28, United States Code, Section 2461.

22. As a result of the foregoing offenses as alleged in Count I of this Information, JACOB HUEFTLE, defendant herein, shall forfeit to the United States any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

The forfeitable property includes, but is not limited to:

- DPMS Panther Arms Model LR-308, .308 caliber rifle with Nikon Monarch 4-16X50 mm scope and PMAG 20-round magazine containing unfired ammunition.

UNITED STATES OF AMERICA,
Plaintiff

JOSEPH P. KELLY
United States Attorney
District of Nebraska

By: _____
DONALD J. KLEINE, #22669
Assistant U.S. Attorney

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

DONALD J. KLEINE, #22669
Assistant U.S. Attorney

13